MUIRHEAD, Assignee, Respondent, vs. BRUNS and another, Appellants.

*January 8—February 5, 1929.*

The cause was submitted for the appellants on the brief of *Robert V. Baker* of Kenosha, and for the respondent on that of *Stewart & Vandreuil* of Kenosha.

DOERFLER, J.   In the first issue raised by defendants' counsel he contends that the bond was not assignable at the time the assignment was executed, for the reason that it does not affirmatively appear that the bond had been breached prior to the execution of its assignment.   Each of the answers contains an admission of a technical breach of the bond by the defendant John Bruns on the 14th day of February, 1927, and a general allegation of other alleged breaches of the bond contained in the complaint, without specifying the dates thereof, is covered by a general denial.   On the motion for judgment, therefore, alleged breaches prior to the 14th day of February, 1927, are placed in issue, so that the plaintiff upon his motion was confined and limited to the specific breach admitted, which occurred on the 14th day of February, 1927.

Sec. 336.27 of the Statutes provides:

*"Assignment of bond.*   If any such bond shall be forfeited the party at whose suit the person executing the same shall have been confined or, in case of his death, the executor or administrator of such party shall be entitled to an assignment thereof, which shall be made by the sheriff taking the same, or in case of a vacancy in his office by his undersheriff."

Said sec. 336.27 is substantially like the provision of sec. 18 of ch. 483 of the Laws of Wisconsin for the year

1864, entitled "An act to establish and define the liberties of jails and admitting persons thereto," so that during this long interval such statute (which evidently was taken from the statutes of New York) has continuously constituted the law of this state on the subject of a bond like that involved in the instant case.

In 17 Cyc. 1535 it is said:

*"Assignment of bond.* A prison limits bond may be legally assigned by the officer to whom it is made to the party for whose benefit it was intended, after breach of such bond."

See, also, 5 Corp. Jur. p. 528; *Tunison v. Cramer,* 5 N. J. L. 498, 499; *Barns v. Williams,* 2 Bibb (5 Ky.) 562; *Kruse v. Kingsbury,* 102 Mich. 100, 60 N. W. 443, 444.

Such a bond was not assignable at common law, and this is admitted by plaintiff's counsel in his brief. That being the case, it becomes manifest that the right to assign the bond is a statutory creation, and the only statute on the subject in this state is sec. 336.27, pursuant to which an assignment is recognized only subsequent to a breach. In the *Barns Case, supra,* it is said:

"Before the passage of this section, bonds for keeping the prison rules were not assignable; the creditor had recourse only to the officer from whose custody the prisoner escaped; and the officer his recourse on the bond which he had taken for his indemnity. It seems evident that it was the intent of the law-makers, by enacting this section, to prevent this circuity of action, and to do away with the liability of the officer, in case of escapes when he should have done his duty in taking sufficient security for keeping the rules or bounds."

A reading of the sections included in ch. 336 of the Statutes clearly manifests the idea that at least up to the time of the breach of the bond the sheriff is primarily liable for any escape, and that until such breach occurs it is the right of the sheriff to resort to the bond for the purpose of protecting him from all damages for which he is liable in law to

the creditor. Sec. 336.29 clearly indicates this, where it provides:

"*Effect of assignment.* The acceptance of an assignment of any such bond shall be a bar to any action by or on behalf of the party receiving such assignment against the sheriff or other officer making the same for any escape of the prisoner executing such bond, amounting to a breach thereof."

This last named section has been the law of this state since 1864.

It follows, therefore, that the issue raised by the foregoing contention must be sustained and that the present action must be dismissed.

The second issue raised by defendants' counsel involves the question of whether there was such a breach as to constitute a forfeiture of the bond. In view of the foregoing conclusion, the second issue presented requires no treatment in this opinion; however, inasmuch as ch. 336 has been upon the statute books substantially in the form in which it now appears for a period of more than half a century, and that none of the questions herein involved have ever come before this court for determination, we will proceed with a brief consideration of the same, in the interests of a final and speedy determination of the prospective issues in this case.

We are first confronted with the problem of what constitutes an escape of a prisoner which results in a breach of the bond. In enacting sec. 336.20 of the Statutes the legislature evidently attempted to define an escape, for it provides:

"*What is an escape.* The going at large of any prisoner who shall have executed such bond or of any prisoner who would be entitled to the liberties of any jail, upon executing such bond, within the limits of the liberties of the jail of the county in which he shall be in custody, shall *not* be deemed an escape of such prisoner; but in case any such prisoner shall go at large without the jail liberties of such county, without the assent of the party at whose suit such prisoner

shall be in custody, the same shall be deemed an escape and forfeiture of the bond so executed; and the sheriff in whose custody such prisoner shall have been shall have the same authority to pursue and retake such prisoner as if such escape had been made from the jail."

The wording of such statute is so clear and definite as to place it beyond the realm of construction. It specifies what shall not be deemed an escape, and, on the contrary, affirmatively provides for what shall be an escape. Whether the prisoner returns within the territory included in the jail limits before or after the service of process is immaterial with respect to the question of forfeiture of the bond. Furthermore, the statute including but one exception, viz. that of the prisoner proceeding beyond the jail limits by and with the consent of the creditor, no other exception can be read into the statute, unless it be the one universally established which results from the act of God or the enemies of the country. *Smith, Sturgeon & Co. v. Grosslight,* 123 Mich. 87, 81 N. W. 975, 976. In the instant case none of the exceptions above enumerated have occurred. Sec. 336.22 provides:

"*Voluntary return.* In every suit brought by a sheriff on such bond the defendants may plead a voluntary return of the prisoner to the jail from which he escaped, or the liberties thereof, or the recapture of such prisoner by the sheriff from whose custody he escaped before the commencement of such suit, and may give evidence thereof in mitigation of the damages or judgment claimed, but upon such answer of a voluntary return judgment shall be rendered against the defendant in the action for twenty-five dollars for each day or part of day such defendant was outside of such liberties, together with the costs of the action; and such defendant shall be entitled to make such or any other defense to such suit which might be made by such sheriff to an action against him for such escape."

Sec. 336.22 as above quoted is identical with sec. 11, ch. 483, Laws of Wisconsin for 1864, and the New York statutes of 1836, vol. 2, § 51 [sec. 48], *435, excepting only

that while sec. 336.22 provides for a mitigation of the damages or judgment, the New York statutes of 1836 provide for a bar to the action of the sheriff where there is a recapture or return by the sheriff or where there is a voluntary return to either the jail or the confines of the jail liberties before the service of process. So that under the amendment which is incorporated in sec. 336.22, a forfeiture results whether a prisoner returns either before or after the commencement of the action, and in the former instance he is liable for the damages stipulated in such section; while in the latter instance he is liable for the entire damages which are recoverable.

There is one further question, as we view it, that needs to be considered. Sec. 336.17 of the Statutes fixes the amount of the bond to be approved by the sheriff at a sum not less than double the amount of the sum in which the sheriff was required to hold the defendant to bail, or double the amount directed to be collected by the execution. Sec. 336.28 is entitled "Suit on bond; Damages." Sub. (1) of said section provides: "If the prisoner escaping was confined by virtue of an execution . . . the measure of the plaintiff's damages shall be the amount directed to be levied by such execution, . . . with interest thereon to the time of recovery." It thus appears to us that the statute contemplates that the damages recoverable shall consist of the amount of the judgment for which execution has been issued, together with costs and interest. See, also, 3 Ruling Case Law, title "Bail and recognizance," p. 67, § 83.

In 10 Ruling Case Law, title "Escape," p. 599, § 29, it is said:

*"Damages recoverable.* In an action for an escape, the presumption is that the debtor lost the entire debt by the escape, and it is therefore the measure of damages."

*By the Court.*—The judgment of the lower court is reversed, and the complaint is dismissed without prejudice to commence another action as provided for in this opinion.