RUTZEN, Appellant, vs. MITTEN, Sheriff, Respondent.

*October 11—November 7, 1939.*

For the appellant the cause was submitted on the brief of *J. Elmer Lehr* of Milwaukee.

For the respondent there was a brief by *Herbert J. Steffes,* district attorney of Milwaukee county, *O. L. O'Boyle,* corporation counsel, and *Henry S. Reuss,* assistant corporation counsel, and oral argument by *Mr. Reuss.*

*Fred Doering* of Milwaukee was on the respondent's brief as *amicus curiæ.*

ROSENBERRY, C. J. On January 18, 1939, the defendant, sheriff of Milwaukee county, arrested one Walter W. Eiler and confined him in a jail under a body execution issued out of the civil court of Milwaukee county upon a tort judgment. On the 19th of January, 1939, Eiler, as principal, and Charles Schneider, as surety, executed a bond to the defendant in the penal sum of $2,690.16. The bond was conditioned that—

"the said Walter W. Eiler shall remain a true and faithful prisoner, and shall not escape or go without the limits of the jail of said Milwaukee county, until discharged by the course of law."

The surety did not justify nor did the sheriff approve the bond in writing. Upon the outside of the bond appeared the following:

1037
STATE OF WISCONSIN
MILWAUKEE COUNTY

BOND FOR JAIL LIMITS

1500.00 cash deposit by Charles Schneider to be returned to him at termination of Liability of Bond.

That thereupon the defendant released Walter W. Eiler from confinement in the county jail, but it is not alleged that Eiler went beyond the jail limits as defined by sec. 336.15, Stats. The plaintiff claims that the bond was defective, (1) because the surety did not justify, and (2) because it is not approved in writing by the sheriff.

Sec. 336.17, Stats., provides:

"Such bond shall be executed by the prisoner and one or more sureties, to be approved by the sheriff, in a sum not less than double the amount of the sum in which the sheriff was required to hold the defendant to bail, . . . and shall be conditioned that such defendant shall remain a true and faithful prisoner and shall not escape or go without the limits of such jail liberties until discharged by due course of law. . . ."

The statute does not require the surety to justify. Although it was intimated in *Muirhead v. Bruns* (1929), 198 Wis. 104, 223 N. W. 565, that justification is required, we find no such provision in the statute. This particular point was not raised in that case and the statement was made arguendo. It was no doubt a mere inadvertence.

While sec. 336.17, Stats., does not require the surety to justify it does require that the bond be approved by the

sheriff. In this case it appears from the allegations of the complaint that the sheriff accepted the bond, required it to be accompanied by a cash deposit of $1,500, which was to be returned to the surety when the condition of the bond was fulfilled, and thereupon permitted the prisoner jail liberties in accordance with the statute. While no doubt it would be better practice for the sheriff to approve the bond in writing, that the bond was in fact approved sufficiently appears from the allegations of the complaint. The prisoner having given a bond as required by the statute and not having gone beyond the jail limits, the plaintiff has sustained no damage. The trial court properly sustained the demurrer to the complaint.

*By the Court.*—Order affirmed.